UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

NUTTERY FARM, INC.,                                              No. 06-10386

                        Debtor(s).
_____/

Memorandum on Motion for Stay Pending Appeal
_____

       Over a year ago, Chapter 7 Trustee Jeffrey Locke moved the court for approval of his sale of the bankruptcy estate's claims against Hendrick and Lettie Smeding, principals of the debtor, to the Smedings for $10,000.00. A creditor, Ahcom, Ltd., objected and offered Locke a much better deal. Several other creditors joined in the objection and supported Ahcom's offer. At the hearing, the court observed to Locke's counsel that the Ahcom offer seemed much better for the estate, and Locke's counsel agreed. The court accordingly approved the sale to Ahcom.

       There was a delay of almost a year in submission of an order to the court. The Smedings have filed a notice of appeal, and now seek a stay pending appeal. The problems the court has with their request is their standing and the merits of their arguments.

       The Smedings argue that of course they have standing, since they own an equity interest in the debtor. Quite so, they do have standing as principals although their interests may be secondary to the interests of creditors. However, the Smedings do not appeal as equity ownership disappointed that the trustee has sold an asset for too little so that there will be nothing left for them after creditors are paid.

1

They appeal as disappointed buyers, who generally lack standing. *Raines v. Byrd*, 521 U.S. 811, 819, 117 S.Ct. 2312, 2317, 138 L.Ed.2d 849 (1997); *In re Fondiller*, 707 F.2d 441, 442 (9th Cir.1983); see also *In re CFLC, Inc.*, 89 F.3d 673, 675 (9th Cir.1996) (unsuccessful bidders are generally not "aggrieved" for standing purposes).

Despite having full knowledge of the proceedings, the Smedings made not a peep at the hearing when the court confirmed the sale to Ahcom. Despite having almost a year to do so, the Smedings never sought reconsideration or a chance to better the sale to Ahcom. Thus, they now find themselves in the position of making arguments to the appellate court on issues that were never raised here. Moreover, they have not demonstrated that the fundamental finding of the court - that the sale to Ahcom was far better for the bankruptcy estate - is in any way subject to attack. Their sole stated basis for appeal is alleged defects in the sale procedure, never approved by the court, which if true would have been easily corrected had they come forward.

A party seeking a stay pending appeal must make a strong showing that it is likely to prevail on the merits of the appeal or at least demonstrate a substantial case on the merits. 2A **Fed.Proc.L.Ed**, Appeal, Certiorari, and Review, § 3:654. In this case, the court sees no merit to the appeal. Accordingly, the court will deny any further stay pending appeal beyond that already granted. Any party may submit an appropriate form of order.

Dated: July 31, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge